### J. P. CUMMINGS v. B. A. WILSON.[1]

December 21, 1906.

Nos. 14,985—(68).

**Vendor and Purchaser—Pleading.**

> Where a contract for the sale of land provided that the vendor was to
> deliver to the vendee an abstract of title without delay, and the complaint
> in an action brought thereon did not allege a refusal to deliver an ab-
> stract, but only that no abstract had been delivered, the court will not
> infer from the facts that the contract was dated eight days before the
> complaint was verified and twelve days before it was personally served
> that a reasonable time for the delivery of the abstract had expired.

Appeal by the defendant from an order of the district court for
Ramsey county, Hallam, J., overruling a demurrrer to the complaint.
Reversed.

*Samuel Whaley,* for appellant.

*Thomas C. Daggett,* for respondent.

JAGGARD, J.

The plaintiff and respondent commenced this action against de-
fendant and appellant to compel specific performance of a contract to
sell land. The court overruled defendant's demurrer based on the
ground that the facts stated in the complaint did not constitute a cause
of action.

Of the various points made on this appeal only one is meritorious.
The breach of the agreement was alleged in the following terms:

> That pursuant to the terms of said agreement the defendant
> was to deliver to the plaintiff an abstract of title to said premises,
> and although said abstract has been duly demanded the same
> has not been delivered.

The contract required that "an abstract of title to said premises
shall be furnished said purchaser without delay." It is to be noted
that the complaint did not allege refusal to deliver. The only question,

[1] Reported in 110 N. W. 4.

then, presented by the pleading was whether, as a matter of law, the failure to deliver constituted a breach. The complaint was verified on February 23 and was served personally on the 27th. The contract was dated on February 15. On this state of the record all the plaintiff could have proved would have been the facts of demand and non-delivery. If the court could not presume that this delivery was not within a reasonable time, the plaintiff could not have made out a case. We do think that a court could not so presume. The complaint, therefore, failed to allege a breach, and was demurrable.

Order reversed.

LEWIS, J. (dissenting).

The material portion of the contract in question is as follows:

> Received of J. P. Cummings the sum of one hundred ($100) dollars on account of the purchase price of certain real estate, situate in the county of Ramsey and state of Minnesota, described as follows: * * * which real estate has been this day sold by M. M. Wachenheimer, as duly authorized agent of Mrs. B. A. Wilson, the owner thereof, to said J. P. Cummings, for the full price and sum of eleven hundred and seventy-five ($1,175) dollars, payable as follows: Cash on delivery of a good and sufficient warranty deed for the above-described premises, clear of all taxes, assessments, and other incumbrances at this date. And it is hereby mutually agreed that an abstract of title to said premises shall be furnished said purchaser without delay; that a reasonable time, not exceeding thirty (30) days, shall be allowed for the examination of the same and the making of said payment and delivery, and said owner shall deliver to said purchaser a good and sufficient warranty deed of said real estate. * * *

The contract is set out in the body of the complaint which alleges

> That, pursuant to the terms of said agreement, the defendant was to deliver to the plaintiff an abstract of title to said premises, and although said abstract has been duly demanded the same has not been delivered. That the plaintiff is ready and willing to perform each and every term and condition set forth in the contract

by him to be performed, and is now ready and willing to pay to said defendant the amount specified in said contract. * * *

I think the complaint, when considered in connection with the contract, fairly alleges that the respondent made a demand upon appellant for the delivery of the abstract; that such demand was refused, and the abstract was not delivered, and, inasmuch as the contract provided that the abstract should be furnished without delay, it was entirely a matter of defense if the demand for the abstract was made sooner than contemplated. An abstract may already have been made. There may have been good reason for speedily closing the deal, and it should not be assumed that several days would be required to secure an abstract from the register of deed's office. At any rate, if such was the fact, it was purely defensive matter. I find no difficulty in concluding that the complaint states facts sufficient to constitute a cause of action.

I therefore dissent.